**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


RICHARD HARRIS,              :
                                   Civil Action No. 09-6071 (RBK)
          Petitioner,        :

          v.                 :     OPINION

WARDEN DONNA ZICKEFOOSE,     :

          Respondent.        :
```

**APPEARANCES:**

Petitioner pro se
Richard Harris
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**KUGLER**, District Judge

　　Petitioner Richard Harris, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Donna Zickefoose.[2]

---

　　[1] Section 2241 provides in relevant part:

　　(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
　　(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

　　[2] Petitioner failed to prepay the filing fee.  Petitioner will be order to pay the $5 filing fee for a habeas petition.

Because it appears from a review of the Petition that Petitioner is not entitled to relief at this time, the Petition will be dismissed without prejudice.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner asserts that he was convicted in the U.S. District Court for the Northern District of West Virginia, pursuant to a guilty plea, of maintaining a drug-involved premises.  On July 16, 2008, judgment was entered sentencing Petitioner to a term of imprisonment of 60 months, to be followed by three years' supervised release.  See generally United States v. Harris, Criminal No. 08-0006 (N.D.W.Va.).

Petitioner alleges that bail was continued at the time of sentencing, and that he self-surrendered to the Bureau of Prisons on September 29, 2008.  Prior to Petitioner's surrender, on or about September 3, 2008, his personal physician diagnosed him with "Cholesteotoma" in both ears and prescribed surgery in the near future.[3]  In accordance with that advice, Petitioner was scheduled for a pre-surgical appointment at West Virginia University Healthcare on October 6, 2008; Petitioner's counsel advised the BOP of the appointment and requested that the BOP

---

[3] Petitioner defines "Cholesteotoma" as "a bacterial infection in the ears, that eats the internal parts of the ears, and proceeds towards the brain, leaving a path of destruction, damage, that may result in death, cancer, and loss of hearing, if not treated immediately."  (Petition at 11.)

take Petitioner to the appointment.  Petitioner does not state whether he attended that appointment.

On October 22, 2008, Petitioner was transferred to the Federal Correctional Institution at Fort Dix, New Jersey, where he remains incarcerated.  Petitioner alleges that on November 5, 2008, he went to sick call regarding his ears, received antibiotics, and was told by a physician's assistant that he would help Petitioner get surgery for his ears.  Petitioner alleges that he went to sick call again on January 11, 2009, when he advised another physician's assistant of his diagnosis and need for surgery.  Petitioner alleges that his condition was causing him burning pain and that his ears were draining fluid on a daily basis.  Petitioner again received antibiotics, with no favorable results.  Petitioner alleges that he has gone to sick call on at least a monthly basis during all of 2009, that he has seen three physicians during that time, but that no arrangements for surgery have been made, and he has received additional prescriptions for antibiotics that did not work.  Petitioner also alleges that he received an MRI in March 2009, and that he was told that the test results showed only scar tissue.

Petitioner alleges that on October 1, 2009, Petitioner saw an outside ear specialist, who noted a hole in the left eardrum and prescribed surgery for both ears.  Petitioner alleges that he was told by this specialist that the BOP could not provide the

3

surgery and that he would have to have surgery "on the outside." (Petition at 6.)[4]

Petitioner alleges that on November 5, 2009, he filed three informal resolutions[5] with Case Managers Mr. Little and Mr. Wilson, requesting: (1) surgery, (2) a medical transfer to obtain surgery for his ear condition, or (3) an emergency medical furlough to obtain surgery, pursuant to 18 U.S.C. § 3622.[6]

---

[4] Petitioner also alleges that he suffers from asbestosis.

[5] The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

[6] Pursuant to 18 U.S.C. § 3622, Temporary Release of a Prisoner:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise

4

On November 6, 2008, Petitioner filed an Inmate Request requesting an immediate transfer to a Residential Re-entry Center, for the remainder of his sentence, under 18 U.S.C. § 3621(b).

On November 21, 2009, Petitioner sent a letter to Warden Donna Zickefoose requested a medical furlough or an escort to a local hospital to obtain surgery for his ears.

Petitioner has not received responses to any of these requests.  This Petition, dated November 29, 2009, followed.  Here, Petitioner asks this Court to Order Respondent Warden Donna Zickefoose to consider Petitioner for an emergency medical furlough to obtain prescribed surgery that is not otherwise available within the BOP, and to terminate supervised release.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be

---

appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--
    (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of--
    ...
    (3) obtaining medical treatment not otherwise available; ....

    granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

Petitioner admits that he has not exhausted his administrative remedies, but he asserts that exhaustion should be excused because BOP physicians have failed to treat his condition for over a year and because he has not received any responses to his administrative remedy requests.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a

petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile or that requiring exhaustion would subject Petitioner to "irreparable injury." Less than one month has passed since Petitioner began the administrative remedy process.

Without a full administrative record regarding the claim asserted here, this Court cannot determine whether Petitioner's placement decision has been made in accordance with law. See, e.g., Gamble v. Schultz, No. 09-3949, 2009 WL 2634874 (D.N.J. Aug. 24, 2009); Harrell v. Schultz, No. 09-2532, 2009 WL 1586934 (D.N.J. June 2, 2009). Indeed, at this point, the Warden has not even had an opportunity to render a decision in response to the request for relief.[7]

Accordingly, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies. This Court makes no determination as to the merits of Petitioner's claims.

---

[7] In addition, the Court notes that the proper avenue to obtain injunctive relief to compel medical treatment, where failure to treat amounts to a violation of the Eighth Amendment, is a civil action for declaratory and injunctive relief, not a habeas petition.

An appropriate order follows.

                                              <u>s/Robert B. Kugler</u>
                                              Robert B. Kugler
                                              United States District Judge

Dated: December 7, 2009